IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Just Vacations Inc.,

    *Plaintiff*,

v.

Isaac Labkovsky, JustVacation LLC, and Charles Posen,

    *Defendants*.

Civil Action No.: 3:24-cv-01603

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

NOW COMES Plaintiff Just Vacations Inc., by and through its undersigned counsel, for its Complaint against Defendants Isaac Labkovsky, JustVacation LLC, and Charles Posen, states and alleges as follows:

**Parties**

1. Plaintiff Just Vacations Inc. is incorporated in Pennsylvania and has its principal place of business at in Hanover, Pennsylvania; mailing address PO Box 1252, Hanover, PA 17331; registered agent (physical address) at 202 Broadway, Hanover, PA 17331.

2. Isaac Labkovsky is the owner and operator of the website at www.justvacation.com, and he directs and controls its operations, including without limitation its emails.

3. Labkovsky is a citizen of New Jersey, and his address is 1000 Bennett Blvd Ste #8, Lakewood, NJ 08701.

4. Defendant Charles Posen is and has been working in concert with Labkovsky in connection with the website at www.justvacation.com and its emails and other operations.

1

5. Posen is a citizen of New Jersey, with an address of PO Box 867, Lakewood, New Jersey 08701, and alternatively he may be found at Labkovsky's address above.

6. Defendant "JustVacation LLC" is a company purported to be organized in New Jersey, with principal place of business at PO Box 867, Lakewood, New Jersey 08701.

7. Despite its purported address and organization, "JustVacation LLC" is not actually formally organized or otherwise validly existing entity. Therefore, this "LLC" is simply a "doing business as" name or "trade name," and thus the individual Defendants Labkovsky and/or Posen should or must be party to this matter in their individual capacities.

8. Defendants have been represented by Garson, Ségal, Steinmetz, Fladgate LLP (c/o Michael Steinmetz), at 164 West 25th Street, Suite 11F, New York, New York 10001, and ms@gs2law.com.

## Nature of the Case

9. Plaintiff sues these Defendants for persistent and willful trademark infringement based on Plaintiff's federally registered trademark JUST VACATIONS, in addition to Plaintiff's related rights protected by federal and statute statutes. Plaintiffs seek monetary damages, restitution, and disgorgement in excess of $75,000, as well as injunctive relief, attorney fees, punitive damages, costs of suit, and all other remedies available by law.

## Jurisdiction

10. The Court has federal-question jurisdiction under 15 U.S.C. § 1125(a)(1)(A); 28 U.S.C. §§ 1331, 1338(a).

11. The Court also has diversity jurisdiction, 28 U.S.C. § 1332(a) & (c), as:

    a. Plaintiff is incorporated and has its principal place of business in Pennsylvania.

    b. Defendants Labkovsky and Posen are both citizens of New Jersey.

    c. Defendant "JustVacation LLC" is merely an alter ego or tradename of Labkovsky or Posen or both, and in any case it is a citizen of New Jersey for purposes of diversity jurisdiction.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). The state-law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), based on the residence and address of Defendants Labkovsky and Posen.

### Background Facts

14. Plaintiff does business throughout the United States under the trademark JUST VACATIONS in connection with work as a travel agent. More specifically, Plaintiff's field of use is: Coordinating travel arrangements for individuals and for groups; Organization of excursions, sightseeing tours, holidays, tours and travel; Travel and tour information service; Travel guide services; Travel planning for individuals, families, and groups for special occasions such as destination weddings and honeymoons; Travel, excursion and cruise arrangement (the "**Field of Use**").

15. Plaintiff's trademark JUST VACATIONS is inherently distinctive, and it has acquired (further) distinctiveness via Plaintiff's years of use since Plaintiff began in or before 2002.

16. Defendants are using the trademark "Just Vacation!" on the website www.justvacation.com and otherwise, including without limitation the following:



17. Defendant's use of "Just Vacation!" is within Plaintiff's Field of Use.

18. **Defendant's use of "Just Vacation!" in connection with its business (below, the "Infringing Use")** has caused and is likely to further cause customers to be confused as to the origin of the parties' products and services or to be misled into believing one party is associated with, affiliated with, sponsored by, or endorsed by the other – in violation of Plaintiff's trademark rights. 15 U.S.C. § 1125(a)(1)(A).

19. Plaintiff and Defendants sell directly to the consuming public, i.e., those looking to book a vacation.

20. Plaintiff and Defendants operate in the same channels of commerce, i.e., via the internet and emails.

21. Plaintiff has received many contacts from customers who were confused as to the origin of the parties' products and services, contacting Plaintiff instead of Defendants in connection with solicitations and services originating from Defendants.

22. The consuming public desiring to contact Defendants, based on their Infringing Use, have used and are likely hereto to continue to use an internet search engine to search for "just

vacations," find Plaintiff, are confused and misled into believing that the Infringing Use originated from Plaintiff instead of Defendants, and then contact Plaintiff.

23. Defendants' Infringing Use is intentional, willful, wanton, malicious, in disregard of Plaintiff's rights, and otherwise sufficient to warrant punitive or other enhanced damages as permitted by law.

24. Defendant's Infringing Use has caused and is causing ill-gotten gains and profits for Defendant, monetary damage to Plaintiff, and (perhaps most importantly) irreparable damage to the reputation and goodwill associated with Plaintiff and its trademarks for which there is no adequate remedy at law. Monetary damages would be insufficient to provide a full and proper remedy.

25. Defendants' Infringing Use will continue, along with the previously described irreparable damage, unless and until the Court orders an injunction.

## Count 1: Infringement of a Federally Registered Trademark

26. Plaintiff realleges Paragraphs 1-25 as if fully restated here.

27. Plaintiff owns (and at all times has owned) the registration for the trademark "Just Vacations" in the Field of Use, under Registration Number 4,316,552.

28. Plaintiff's Trademark Registration is currently active and valid.

29. Plaintiff's Trademark Registration was granted April 9, 2013.

30. Plaintiff's Trademark Registration is incontestable under 15 U.S.C. § 1065.

31. Defendants' Infringing Use infringes Plaintiff's rights to its federally registered trademark, as protected by 15 U.S.C. § 1114.

32. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

33. Plaintiff is entitled to monetary damages pursuant to 15 U.S.C. § 1117(a), including for an award of three times the amount awarded under subparts (1)-(3).

### **Count 2: Unfair Competition – 15 U.S.C. § 1125(a)**

34. Plaintiff realleges Paragraphs 1-33 as if fully restated here.

35. Defendants' Infringing Use infringes Plaintiff's rights under 15 U.S.C. § 1125.

36. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

37. Plaintiff is entitled to monetary damages pursuant to 15 U.S.C. § 1117(a), including for an award of three times the amount awarded under subparts (1)-(3).

### **Count 3: State Unfair Competition**

38. Plaintiff realleges Paragraphs 1-37 as if fully restated here.

39. Defendants' Infringing Use infringes Plaintiff's rights under NJSA 56:4-1 and 56:4-2

40. Plaintiff is entitled to injunctive relief and monetary damages, including that the damages should be trebled under NJSA 56:4-2.

WHEREFORE, based on one or more of the foregoing Counts in this Complaint, the Court should enter an order awarding Plaintiff the following relief:

    a) An injunction ordering Defendants and its officers, employees, agents, managers, and members, as well as those in privity or acting in concert with the foregoing, to cease and desist use of "Just Vacation" or "JustVacation" (with or without an exclamation mark thereafter) in connection with the Field of Use (defined above), and to cease and desist use of any other confusingly similar trademark or otherwise engage in any other conduct that is likely to cause confusion, cause mistake,

deceive, or otherwise mislead any customer into believing that Defendants or its services are connected with Plaintiff, or vice versa. *E.g.,* 15 U.S.C. §§ 1116(a).

b) An injunction ordering the Defendants to cease using the URL and domain name www.justvacation.com and/or to transfer it to the Plaintiff.

c) An award of Defendants' profits and further damages that Plaintiff's sustained as a result of Defendants' Infringing Use, pursuant to 15 U.S.C. § 1117(a)(1)-(2) and/or NJSA 56:4-2.

d) An award of punitive damages.

e) An award of costs and attorney fees, e.g., pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise permitted by law.

f) Such other and further relief as the Court may find appropriate.

Dated: March 6, 2024                    Respectfully submitted,

                                        GEARHART LAW LLC

                                        */s/ Richard Gearhart, Esq.*
                                        Richard Gearhart, Esq.
                                        Gearhart Law, LLC
                                        41 River Road, Suite 1A
                                        Summit, NJ   07901
                                        Tel: 908-273-0700
                                        Fax: 908-273-0711
                                        rgearhart@gearhartlaw.com
                                        *Attorneys for Plaintiff*