UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUST VACATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ISAAC LABKOVSKY, *et al.*, <br><br> Defendants. | Civ. No. 3:24-1603 (RK) (JBD) <br><br> MEMORANDUM ORDER |

In this action asserting trademark infringement, plaintiff Just Vacations Inc. moves for authorization to serve defendants Isaac Labkovsky, Charles Posen, and JustVacation LLC, by publication and to extend the time to serve the summons and complaint by publication. [Dkt. 6.]  For the reasons set forth below, the Court will deny the motion to effect service by publication without prejudice but will grant plaintiff's motion to extend the deadline to effect service.

**I.      BACKGROUND**

Plaintiff filed this action against defendants on March 6, 2024 asserting a single claim for trademark infringement.  [Dkt. 1].  Plaintiff alleges that defendants are infringing upon its federally registered trademark, "Just Vacations," and that plaintiff is entitled to monetary damages, restitution, disgorgement in excess of $75,000, injunctive relief, attorney's fees punitive damages, costs of suit, and all other remedies available by law.

Upon the filing of the complaint, on March 6, 2024, summonses for defendants were issued, and plaintiff engaged a process server, Guaranteed Subpoena Service, Inc. ("GSS"), to execute them. [Dkt. 4]. On March 7, 2024, GSS attempted to serve JustVacation LLC at its last known address—P.O. Box 867, Lakewood, New Jersey 08701—but GSS could not effect service there since it was not a physical address. [Dkt. 6]. On March 8, 2024, a process server attempted to serve defendants Posen and Labkovsky at 1000 Bennett Boulevard, Suite 8, Lakewood, New Jersey 08701, but was unsuccessful. *Id*. The same day, plaintiff submitted a request f to the Lakewood New Jersey postmaster or boxholder information needed for service of legal process. Plaintiff asserts that it has not received a response to that inquiry. *Id*. According to plaintiff, its counsel also undertook an internet search for each defendant and subsequently mailed a waiver of service to JustVacation LLC at P.O. Box 867, Lakewood, NJ 08701, along with a copy of the complaint, summons, civil cover sheet, and corporate disclosure statement, which was met with no response. *Id*.

On March 13, 2024, plaintiff's counsel contacted an attorney who had represented defendants in prior trademark matters and, according to plaintiff, knows of the present lawsuit. *Id*. Plaintiff's counsel inquired if the attorney was authorized to accept service of the summons and complaint for each of the defendants and whether he would execute a waiver of service. *Id*. Plaintiff's counsel provided waivers of service for each of the defendants in these communications, but the attorney has not accepted service or returned executed

2

waivers. *Id.* On April 17, 2024, plaintiff's counsel attempted to serve defendants Posen and Labkovsky via U.S. certified mail/Return Receipt Requested and First Class U.S. Mail, which was unsuccessful because the recipient address evidently was invalid. *Id.*

On April 26, 2024, plaintiff filed a motion seeking authorization from the Court to effect substitute service upon defendants by publication and for an extension of sixty days to effect service. [Dkt. 6].

## II.  DISCUSSION

### A.  Legal Standards

Rule 4(e) provides:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (a) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under New Jersey law, personal service is the primary method of effecting service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). Substitute or constructive service is permissible, however, when personal service within the state cannot be

3

effected. *See* N.J. Ct. R. 4:4-4(b), 4:4-5(a).  New Jersey Court Rule 4:4-4(b) allows for alternative means of substitute or constructive service, including service by publication, so long as it is "provided by court order and consistent with due process of law." N.J. Ct. R. 4:4-4(b)(1), (b)(3).  Substitute or constructive service requires the movant to show due diligence that satisfies the requirements identified in New Jersey Court Rule 4:4-5(b).  *See* N.J. Ct. R. 4:4-5(a); 4:4-4 (b)(1) (cross-referencing Rule 4:4-5(b)); N.J. Ct. R. 4:4(b)(3) (noting that service by a court order consistent with due process is precluded "[i]f service can be made by any of the modes provided by this rule").

The due diligence standard is not formulaic; courts must engage in a "fact-sensitive inquiry measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, Civ. No. 11-3062 (FSH), 2012 WL 1884003, at *5 (D.N.J. May 22, 2012) (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)).  Diligence, therefore, "requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *Id.* (citing *Modan*, 327 N.J. Super. at 48-49 (collecting cases)).  A diligent effort, therefore, will generally involve "several attempts at service in addition to broad investigative efforts such as searching public databases, tax records, credit records, and general Internet inquiries." *Granger v. Am. E-Title Corp.*, Civ. No. 10-4627 (JLL), 2013 WL 1845338, at *9 (D.N.J. Apr. 10, 2013).  Even so, given that service by publication is the "method of service that is least likely to

4

give notice," it is "hardly favored." *M&D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004) (citing *Modan,* 327 N.J. Super. at 48). But when the diligence standard is satisfied, "employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

B.  Application

On the record presently before it, the Court is not satisfied that plaintiff has fulfilled its obligation to exercise the diligence necessary to permit substitute service by publication.

As recounted above, there was only one attempt to serve defendants personally and by mail, respectively. When these initial attempts proved unsuccessful, plaintiff identifies only limited and general subsequent efforts to locate and serve defendants. Plaintiff's motion does not specify what internet or other searches counsel undertook to find addresses for defendants, nor does the motion identify any other efforts to locate them, such as searching tax records or public databases. Absent more specificity, the Court is unable to discern if plaintiff diligently explored enough avenues to locate defendants. *See Prudential Ins. Co. of America v. Holladay*, Civ. No. 07-5471 (FSH), 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008) (reasoning that since the plaintiff only made a "general assertion that it conducted 'background searches,'" and did not "describe the steps taken to obtain the defendant's current address," the court could not "find that the plaintiff

5

diligently took steps to locate the defendant to allow them to obtain permission to serve him via an alternate means").

Additionally, although plaintiff's counsel did submit a preliminary request for boxholder information, the motion does not identify any follow-up action taken to pinpoint defendants' most current locations upon learning that their addresses were invalid.  For example, as noted, plaintiff's counsel could have searched public court records, property records, tax records, and social media.  *See Lumico Life Ins. Co. v. Marks*, Civ. No. 19-18968 (JMV), 2020 WL 3567318, at *2 (D.N.J. July 1, 2020) (reasoning that since plaintiff's counsel conducted an "investigation in an attempt to locate Defendant including searching numerous databases, motor vehicle registration records nationally, property records, various public records, social media and court records to find a current address or contact information for Defendant," which was unsuccessful, service by publication was acceptable). Or plaintiff could have employed an investigator or other vendor to locate defendants.  The motion does not identify any such efforts.

To be sure, plaintiff's attempt to communicate with defendants' counsel in prior trademark matters was a positive step.  But the motion does not sufficiently outline any follow-up action to that effort.  Although plaintiff does not have to exhaust every conceivable avenue to meet its burden, there are additional avenues that remain for plaintiff to reasonably explore and explain.  *Cf. Guardian* 2012 WL 1884003, at *5 *(*concluding that plaintiff satisfied the diligence requirement by conducting an "investigation in an attempt to locate Defendant including searching

6

numerous databases, motor vehicle registration records nationally, property records, various public records, social media and court records to find a current address or contact information for Defendant").

The Court recognizes that plaintiff has undertaken some efforts to locate and serve defendants, and that the law does not require plaintiffs to exhaust every conceivable avenue to do so.  On the whole, however, the Court is not satisfied that plaintiff has demonstrated sufficient diligence to warrant alternative service at this time.  In short, plaintiff must do and demonstrate more.  Plaintiff may renew its motion upon a more robust and specific showing of efforts to locate and serve defendants by traditional means.

### III.   CONCLUSION

IT IS on this 8th day of August, 2024,

ORDERED that plaintiff's motion for service by publication [Dkt. 6] is denied without prejudice.

ORDERED that plaintiff's motion to extend the deadline to effect service [Dkt. 6] is granted; plaintiff's new deadline to effect service shall be 60 days from the date of this Order.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

7